UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                    Plaintiff,

v.                                                                              1:19-CV-1447
                                                                 (GTS/DJS)

SHERELYN J. CASTNER, Executrix of the Estate of
Nancy B. Castner; CYNTHIA SCHROCK SEELEY,
or her successor in interest as Warren County Deputy
Commissioner of Social Services; MIDLAND
FUNDING LLC d/b/a Midland Funding of Delaware
LLC A/P/O GE Money Bank; John Doe; Mary Roe;
and XYZ Corporation,

                    Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

PINCUS LAW GROUP, PLLC                         NICOLE B. LaBLETTA, ESQ.
  Counsel for Plaintiff
425 RXR Plaza
Uniondale, NY 11556

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this real property foreclosure action filed by the United States of America ("Plaintiff") against Sherelyn J. Castner as the executrix of the Estate of Nancy B. Castner, Cynthia Schrock Seeley (or her successor in interest) as Warren County Deputy Commissioner of Social Services, Midland Funding LLC, and unidentified defendants John Doe, Mary Roe, and XYZ Corporation ("Defendants"), is Plaintiff's motion for default judgment and for judgment of foreclosure and sale pursuant to Fed. R. Civ. P. 55(b), and for dismissal of Plaintiff's claims against the unidentified defendants John Doe, Mary Roe, and

XYZ Corporation. (Dkt. No. 19.) For the reasons stated below, the Court grants Plaintiff's motion.

I.     **RELEVANT BACKGROUND**

    A.     **Plaintiff's Complaint**

Liberally construed, Plaintiff's Complaint seeks a judgment of foreclosure and sale related to a property mortgaged to Curtis V. Castner and Nancy B. Castner, for which Plaintiff is the owner and holder of the mortgage and promissory note. (Dkt. No. 1 [Pl.'s Compl.].) Plaintiff alleges that, on November 1, 2007, the Castners obtained a mortgage for a sum of $110,000 with a 6% interest rate to be paid in monthly installments on real property located at 5 Ross Lane, Brant Lake, New York 12815, in Warren County. (*Id.* at ¶¶ 2-4.) Plaintiff further alleges that Curtis Castner passed away on August 30, 2012, and that his share of the property passed to Nancy Castner, who passed away on January 29, 2018, at which point the property passed into her estate. (*Id.* at ¶ 6.) Plaintiff additionally alleges that Defendants have violated the provisions of the mortgage and promissory note by failing to pay the required monthly installments beginning March 7, 2018, and by failing to pay the real property taxes associated with the property. (*Id.* at ¶ 8.)

    B.     **Plaintiff's Service of the Complaint and Defendants' Failure to Answer**

Evidence provided by Plaintiff shows that Plaintiff served the various Defendants as follows: (a) Defendant Cynthia Seeley, in her capacity as the Warren County Deputy Commissioner of Social Services, was served by in-person delivery to a person designated by law to accept service of process for her office on December 4, 2019; (b) Defendant Sherelyn Castner, in her capacity as executrix of the estate of Nancy Castner, was served by in-person

delivery on December 4, 2019; and (c) Defendant Midland Funding was served by in-person delivery to a person designated by law to accept service of process (an authorized agent for the New York Secretary of State) on December 4, 2019. (Dkt. No. 19, at 96-101.) On January 10, 2020, the Court noted that the deadline for Defendants to answer the Complaint had expired and directed Plaintiff to file either a request for clerk's entry of default or a status report on or before January 17, 2020. (Dkt. No. 5 [Text Order filed Jan. 10, 2020].) As to the unidentified Defendants, the Court ultimately granted Plaintiff an extension to identify and serve those Defendants until October 1, 2020, in light of the COVID-19 pandemic. (Dkt. No. 11 [Text Order filed Mar. 27, 2020]; Dkt. No. 13 [Text Order filed July 8, 2020].)

### C. Clerk's Office's Entry of Default and Defendants' Non-Appearance

On September 29, 2020, Plaintiff filed a request for entry of default against Sherelyn Castner, Cynthia Seeley, and Midland Funding. (Dkt. No. 15.) On September 30, 2020, the Clerk of the Court entered default against these three Defendants. (Dkt. No. 16.) As of the date of this Decision and Order, none of these Defendants have appeared or attempted to cure the entry of default. (*See generally* Docket Sheet.)

### D. Plaintiff's Motion for Default Judgment and Defendants' Non-Response

On November 18, 2020, Plaintiff filed its motion for default judgment against Defendants Sherelyn Castner, Cynthia Seeley, and Midland Funding related to the default on the mortgage and promissory note. (Dkt. No. 19.) Plaintiff asserted (and provided evidence in support of its assertion) that it is entitled to the following damages as of October 1, 2020: (a) unpaid principle of $91,220.38; (b) unpaid interest of $14,500.26 at a per diem rate of $14.9551 (based on the mortgage rate of 6% per annum); (c) subsidies that may be recaptured due to

default of $36,914.68; (d) escrow of $849.31; (e) late charges of $21.48; and (f) other fees of $8,339.64.  (*Id.* at 153-54.)  Plaintiff also argues that the unidentified John Doe, Jane Roe, and XYZ Corp. Defendants should be dismissed because no such parties exist or have been identified.  (*Id.* at 6.)

Defendants were required to file a response to Plaintiff's motion by December 14, 2020.  (Text Notice filed Nov. 20, 2020.)  As of the date of this Decision and Order, no Defendant has filed any response or made any appearance in this action.

**II.   RELEVANT LEGAL STANDARD**

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant."  *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'"  *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]).  "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court."  *Id*.  "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment."  *Id*. (citing Fed. R. Civ. P. 55[b][2]).  "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).

Pursuant to Second Circuit law, when determining whether to grant a default judgment, the Court must consider three factors: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the claims; and (3) the level of prejudice the

4

non-defaulting party would suffer as a result of the denial of the motion for default judgment. *Pecarksy v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "An unexcused or unexplained failure to provide an answer to the Complaint will itself demonstrate willfulness," as does failing to respond to both a complaint and a subsequent motion for default judgment. *United States v. Silverman*, 15-CV-0022, 2017 WL 745732, at *3 (E.D.N.Y. Feb. 3, 2017) (citing *S.E.C. v. McNulty*, 137 F.3d 732, 738-39 [2d Cir. 1998]; *Indymac Bank v. Nat'l Settlement Agency, Inc.*, 07-CV-6865, 2007 WL 4468652, at *1 [S.D.N.Y. Dec. 20, 2007]).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

5

Under N.D.N.Y. L.R. 55.2(a), when requesting an entry of default judgment from the Clerk of the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to exceed the amount demanded in the Complaint and giving credit for any payments with the dates of payments), (c) a computation of the interest to the day of judgment, (d) a per diem rate of interest, (e) the costs and taxable disbursements claimed, and (f) an affidavit of the moving party or the party's attorney. N.D.N.Y. L.R. 55.2(a).  The appended affidavit must show that (a) the party against whom judgment is sought is not an infant or incompetent person, (b) the party against whom judgment is sought is not in military service, (c) the party against whom judgment is sought has defaulted in appearance in the action, (d) service was properly effected under Fed. R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing and no part has been paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. *Id.*

Under N.D.N.Y. L.R. 55.2(b), when moving for an entry of default judgment from the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form of default judgment, (c) a copy of the pleading to which no response has been made, and (d) an affidavit of the moving party or its attorney setting forth the facts required by N.D.N.Y. L.R. 55.2(a).  N.D.N.Y. L.R. 55.2(b).

### III.   ANALYSIS

After carefully considering whether Plaintiff is entitled to default judgment, the Court answers that question in the affirmative for the following reasons.

As an initial matter, the Court grants Plaintiff's motion to dismiss unidentified Defendants John Doe, Jane Roe, and XYZ Corp. from this action, because no such parties have been identified or served, and Plaintiff's counsel affirms that no such Defendants exist. (Dkt. No. 19, at 6.) Plaintiff's claims against these unidentified Defendants are therefore dismissed.

As to the remaining Defendants, an entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). However, "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment. Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 188 (2d Cir. 2015).

The Court finds that Plaintiff's submissions meet the procedural requirements of Local Rule 55.2(b). (Dkt. No. 19 [LaBletta Aff.].) The Court therefore must assess whether Plaintiff has sufficiently alleged all the substantive requirements related to its specific claim.

Pursuant to New York common law, in a mortgage foreclosure action, "a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012); *accord, Ditech Fin. LLC v. Sterly*, 15-CV-1455, 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016) (D'Agostino, J.). Additionally, the New York Real Property Actions and Proceedings Law sets forth procedural requirements including (a) the service of statutory notice to the mortgagor with the summons and complaint, (b) the giving of notice to the mortgagor before the commencement of a legal action,

(c) the filing by the lender of certain information with the superintendent of the New York State Department of Financial Services, and (d) the filing of a notice of pendency. *Ditech Fin. LLC*, 2016 WL 7429439, at *4 (citing N.Y. Real Prop. Acts. L. §§ 1303, 1304, 1306, 1320, and 1321); *accord, Nationstar Mortgage LLC v. Atanas*, 285 F. Supp. 3d 618, 621-22 (W.D.N.Y. 2018).

Plaintiff has sufficiently shown that all of the above requirements are met in support of its motion for default judgment. Specifically, Plaintiff has provided a copy of the mortgage and promissory note at issue and proof of default. (Dkt. No. 19, at 9-11, 14-20, 59-92, 141-50.) Additionally, related to the other procedural requirements, Plaintiff served the statutory notice along with the Complaint, and has provided copies of the notice given to the defaulting parties, a proof of filing statement documenting the information filed with the Superintendent of the New York State Department of Financial Services, and the Notice of Pendency filed with the Warren County Clerk on November 17, 2019. (Dkt. No. 1, at 46-63; Dkt. No. 19, at 59-92, 137-38, 141-50.) As a result, the Court finds that Plaintiff has sufficiently established liability against the relevant Defendants on its claim.

The Court additionally finds that there is no indication that Defendants have any meritorious defense against Plaintiff's claim, nor any indication that Defendants would be unduly prejudiced by the entry of default judgment without a further opportunity to appear and respond. Additionally, Plaintiff would suffer prejudice by further delay in this action, because it has not received any payment on the mortgaged property since March 2018 and continues to remain responsible for certain expenses related to that property without being able to use or sell the property, all without any indication that Defendants intend to act. Defendants have been appropriately served with the summons and Complaint and with Plaintiff's motion for default

judgment, and thus there is no reason why entering a default judgment against Defendants would be inappropriate under the circumstances. (Dkt. No. 19, at 96-101; Dkt. No. 20.)

As to damages, Plaintiff provided an affidavit from Tonia Lohman, who states that she is a Director with the United States Department of Agriculture Rural Housing Service. (Dkt. No. 19, at 152-53 [Lohman Aff.].) Ms. Lohman states that, according to the official business records of the Rural Housing Service that are maintained on a computer located in the Central Office in St. Louis, Missouri, as of October 1, 2020, there was a total amount of $151,845.75 due and owing to Plaintiff under the mortgage and promissory note. (*Id.*) This amount consisted of $91,220.38 in unpaid principle, $14,500.26 in unpaid interest through October 1, 2020 (with continuing interest at a rate of 6% per annum, or $14.9551 per diem), $36,914.68 in subsidies to be recaptured, $849.31 in escrow, $21.48 in late charges, and $8,339.64 in other fees. (*Id.* at 154.) The Court finds that these amounts have been sufficiently established by the documents provided for the purposes of this unopposed motion.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment against Defendants Castner, Seeley, and Midland Funding LLC (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED** that this action is **DISMISSED** against unidentified Defendants John Doe, Jane Roe, and XYZ Corporation; and it is further

**ORDERED** that the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as 5 Ross Lane, Brant Lake, New York 12815, a parcel of land improved with a single-family home, is to be sold in and as one parcel, as a sale in one parcel with be most beneficial to the interests of the parties; and it is further

**ORDERED** that the sale be conducted at public auction at the Supreme Courthouse for the County of Warren, 1340 U.S. 9, Lake George, New York, 12845, or at another suitable location, by and under the direction of David McNulty, United States Marshal for the Northern District of New York, who is hereby directed to make the sale of said premises; and it is further

**ORDERED** that the United States Marshal shall give public notice of the time and place of the sale as follows:

(1) Causing a copy of the Notice of Sale to be sent by mail in a prepaid wrapper to the Defendants at the following addresses:

   a. Midland Funding LLC d/b/a/ Midland Funding of Delaware, LLC A/P/O GE Money Bank at 8875 Aero Drive, Suite 200, San Diego, California 92123; AND c/o New York State Secretary of State, 80 State Street, Albany, New York 12207;

   b. Sherelyn J. Castner, Executrix of the Estate of Nancy B. Castner, at 7385 Wileytown Road, Middle Grove, New York 12850; and

   c. Cynthia Schrock Seeley, or her successor-in-interest as Warren County Deputy Commissioner of Social Services, at Municipal Center, Human Services Building, 1340 State Road 9, Lake George, New York 12845;

(2) Posting copies of the Notice of Sale in three (3) conspicuous public places in Warren County, New York; and

(3) Causing the Notice of Sale to be published once weekly for four (4) consecutive weeks in the *Post Star*, a newspaper of general circulation published in Warren County; the Notice of Sale need not contain the full legal

description of the property as set forth in Schedule A, but may refer to the property as 5 Ross Lane, Brant Lake, New York 12815; and it is further

**ORDERED** that Plaintiff or any other party to this action may become a purchaser on such sale; and it is further

**ORDERED** that the United States Marshal shall execute to the purchaser on such sale a deed of the premises sold and, upon receiving the proceeds of the sale, forthwith pay the following items:

FIRST, United States Marshal's fees and commissions on the sale, not to exceed the sum of $300.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale; and

THIRD, the sum of $151,845.75, with interest thereon from October 1, 2020, the amount owing to Plaintiff and secured by the mortgage that is the subject of this action, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED** that, in the event that Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to or acquired by Plaintiff and a valid assignment thereof is filed with the United States Marshal, the United States Marshal shall not require Plaintiff to pay in cash the entire amount bid at the sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the United States Marshal of the amounts specified above in the items marked FIRST and SECOND; the balance of the amount bid, after deducting therefrom the amounts paid by Plaintiff, shall be allowed to Plaintiff as specified above in the item marked THIRD; if, after

applying the balance of the amount bid there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the United States Marshal, upon delivery to it of the deed, the amount of that surplus, after which the United States Marshal shall then make the payments as herein directed; and it is further

**ORDERED** that the United States Marshal take the receipt of Plaintiff or its attorney for the amounts paid as hereinabove directed in the item marked THIRD and file it with his Report of Sale; and it is further

**ORDERED** that surplus monies, if any, shall then be deposited in the Registry of this Court, to be withdrawn only on the order of this Court; and it is further

**ORDERED** that the United States Marshal make his Report of Sale and file it with the Clerk of this Court with all convenient speed, and, if the proceeds of the sale are insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and allowances, the United States Marshal shall specify the amount of such deficiency in the Report of Sale; and it is further

**ORDERED** that the purchaser on such sale shall be let into possession of the premises sold upon production of the United States Marshal's deed to such premises; and it is further

**ORDERED** that Defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, are forever barred and foreclosed of all right, title, interest, claim, lien, and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof.

Date:   April 21, 2021
        Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge